IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN C. SHIELDS,**

                    **Petitioner,**

    v.                                        CASE NO. 22-3069-SAC

**JEFF ZMUDA,**

                    **Respondent.**

## NOTICE AND ORDER TO SHOW CAUSE

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, filed on April 7, 2022. Petitioner proceeds pro se. The Court has conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and it appears that this matter was not filed within the applicable statute of limitations. Therefore, the Court will direct Petitioner to show cause why the matter should not be dismissed as time-barred.

**Background**

On January 23, 2014, in accordance with a plea agreement, Petitioner pled guilty in the district court of Neosho County, Kansas to one count of first-degree murder. (Doc. 1, 1.) *See also* online records of Neosho County District Court, case number 2013-CR-44. The plea agreement appears to have involved at least one other Neosho County criminal case against Petitioner, but since the current federal habeas petition challenges only the conviction in case number 2013-CR-44, this order focuses on the facts relevant to that case only.

On February 5, 2014, the state district court sentenced Petitioner to a prison term of 20 years to life. Petitioner filed a timely notice of appeal, but according to the online records of the Kansas state appellate courts, on February 19, 2015, the Kansas Supreme Court (KSC) granted Petitioner's motion to voluntarily dismiss his appeal. *State v. Shields*, Case No. 111,669.

On February 11, 2016, the state district court received a letter from Petitioner, which the district judge construed as a motion to withdraw his plea. *See State v. Shields*, 504 P.3d 1061 (Kan. Mar. 4, 2022); *see also* online records of Neosho County District Court, case number 2013-CR-44. The district court held a hearing on the motion on November 19, 2019 and, on April 29, 2020, filed an order denying the motion. *Id.* Petitioner appealed the decision and on March 4, 2022, the KSC affirmed the denial.

On April 7, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He asserts four grounds for relief. First, Petitioner argues that the State lacked jurisdiction to convict him because his case "should have been federal" and based on the underlying facts, he should not have been charged with murder. *Id.* at 5. As Ground Two, Petitioner asserts ineffective assistance of counsel, pointing out that he was not notified when his trial attorney was later disciplined for misleading clients. *Id.* at 6. Ground Three also rests on a claim of ineffective assistance of counsel, asserting that his trial attorney "held back information" and improperly advised him to plead no contest to the murder charge. *Id.* at 8. As Ground Four, Petitioner complains that he did not receive a mental evaluation prior to entering his plea. *Id.* at 9. He explains that he has "a

mental handicap," he was on strong pain medication at the time, and he was going through withdrawal. *Id.*

As relief, Petitioner asks this Court to "accept jurisdiction" over his criminal case, find he should have been charged with lesser charges, sentence him to time already served in state custody, and order his release. *Id.* at 14.

**Timeliness**

This action is subject to the one-year limitation period established by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") in 28 U.S.C. § 2244(d). Section 2244(d)(1) provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to case on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

The one-year limitation period generally runs from the date the judgment becomes "final," as provided by § 2244(d)(1)(A). *See*

*Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000). In this case, Petitioner's direct review concluded when the KSC granted his motion to voluntarily dismiss his direct appeal on February 19, 2015. Thus, the one-year federal habeas limitation period began to run on approximately February 20, 2015.

The federal statute of limitations also contains a tolling provision: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). This Court will assume for the purpose of this order that Petitioner's letter to the state district court which it construed as a motion to withdraw plea was "a properly filed application for State post-conviction or other collateral review." As such, the letter tolled – or paused – the statute of limitations. But the records currently before this Court show that the letter was not filed until February 11, 2016.

By February 11, 2016, approximately 356 days of the one-year federal habeas limitation period had expired, leaving approximately 9 days. The proceedings on Petitioner's request to withdraw his plea concluded on March 4, 2022, when the KSC affirmed the denial of that request. The federal habeas limitation period resumed on March 5, 2022. It expired around 9 days later, on March 14, 2022. Yet Petitioner did not file this federal habeas petition April 7, 2022.

Petitioner's assertion in the petition that he "was just in state court" does not affect the timeliness question because it does not address the time that elapsed between his direct appeal

and his motion to withdraw plea. If the one-year federal habeas limitations period ran from the date the KSC denied review of any issue related to the current federal habeas action, this matter would be timely. But that is not how the time period is calculated.

Rather, as set forth above, there are four dates that may trigger the beginning of the limitation period: (1) the date the judgment became final; (2) the date on which a State-created illegal impediment to filing was removed; (3) the date on which the United States Supreme Court initially recognized the constitutional right underlying the federal habeas claim if the Supreme Court made the right retroactively applicable to cases on collateral review; or (4) the date on which due diligence would have revealed the factual basis for the claim or claims in the federal habeas. *See* 28 U.S.C. § 2244(d)(1). The Court's analysis is based on the first type of starting date—when the judgment becomes final—and concludes that the federal habeas limitation period expired in March 2022. Even liberally construing the petition, it does not appear that any of the other three potential starting dates for the federal habeas limitation period apply here. If Petitioner disagrees with the Court's understanding of his petition, he may provide further clarification and explanation in his response to this order.

### Equitable Tolling

The one-year limitation period is subject to equitable tolling "in rare and exceptional circumstances." *Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) (citation omitted). Equitable tolling is available only "when an inmate diligently pursues his claims and demonstrates that he failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares*,

223 F.3d 1217, 1220 (10th Cir. 2000). Circumstances that warrant equitable tolling include, for example, "when an adversary's conduct—or other uncontrollable circumstances—prevents a prisoner from timely filing, or when a prisoner actively pursues judicial remedies but files a deficient pleading during the statutory period." *Gibson*, 23 F.3d at 808 (internal citations omitted). Likewise, misconduct or "egregious behavior" by an attorney may warrant equitable tolling. *Holland v. Florida*, 560 U.S. 631, 651 (2010). However, "[s]imple excusable neglect is not sufficient." *Gibson*, 232 F.3d at 808 (citation omitted).

In the section of the petition that addresses timeliness, Petitioner states:

> I was just in State Court - plus didn't know about attorney Right away[.]
> I've been in Segregation in prison[.] Not allowed Law Library - -
> Now in Restrictive Housing - - Unit[.] Not allowed Law Library attendance - - to study cases[.]
> In statement of claim - State violated Jurisdiction - - should have been federal[.]
> State appointed a Lawyer who [misled] – at most would be manslaughter - - Though Body was [already] passed –
> At most should be disposed of Body accidental
> Body showed [illegible] - - Rodent bites consistent[] Before Fire and Burning in Home
> a New Trial or Federal Jurisdiction Venue is a must By Law - - or Release and Vacate From Sentence - - and Modification of Charges -

(Doc. 1, p. 13.)

These assertions do not show an entitlement to equitable tolling. Petitioner has not asserted that he was diligently pursuing his federal claims while the statute of limitations was running, nor does he demonstrate that the failure to timely file this petition was caused by extraordinary circumstances beyond his

control. Similarly, Petitioner's comments on the State's jurisdiction over his criminal case and his belief that the evidence did not support a murder charge do not affect the analysis of the statute of limitations or justify equitable tolling of the statute of limitations.

## Actual Innocence

There also is an "actual innocence exception" to the federal habeas statute of limitations. To obtain the actual innocence exception, Petitioner is not required to conclusively exonerate himself. *See Fontenot v. Crow*, 4 F.4th 982, 1030 (10th Cir. 2021). Rather, he must come forward with "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *See Schlup v. Delo*, 513 U.S. 298, 324 (1995). He "must establish that, in light of [this] new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell* 547 U.S. 518, 536-37 (2006) (quoting *Schlup*, 513 U.S. at 327).

Moreover, the "analysis expands when reviewing an actual innocence claim by a petitioner who was not convicted by a jury, but who rather pleaded guilty before trial." *Taylor v. Powell*, 7 F.4th 920, 933 (10th Cir. 2021). In those case, the petitioner must meet this standard not only with respect to the crime of conviction, but also to any "more serious charges" that "the Government has forgone . . . in the course of plea bargaining." *Id.*

Nothing in the petition appears to assert that the actual innocence exception to the federal habeas statute of limitations applies here. If Petitioner wishes to assert the actual innocence

exception to the statute of limitations in this matter, he must identify for the Court the "new reliable evidence" that he believes makes it "more likely than not that no reasonable juror would have found [him] guilty beyond a reasonable doubt" not only of first-degree murder but also of any "more serious" charges dismissed in the other case or cases as part of the global plea agreement.

For example, the attachments to the petition indicate that part of the plea agreement was that the State would allow Petitioner to plead to a lesser included drug offense in case number 2013-CR-41 rather than the level 2 drug felony charged. (See Doc. 1-1, p. 7.) To obtain the actual innocence exception to the statute of limitations, Petitioner not only needs to identify new reliable evidence showing that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt of first-degree murder, he must do the same with respect to the level 2 drug felony in case number 2013-CR-41.

**Conclusion**

After reviewing the petition, the Court concludes that this matter is not timely. The Court will allow Petitioner the opportunity to demonstrate grounds for equitable tolling and/or to show that the actual innocence exception to the one-year limitation period applies. If Petitioner persuades the Court that equitable tolling is warranted or the actual innocence exception applies, the Court will continue with its review of the amended petition as required by Rule 4 and issue any further orders as necessary. If Petitioner fails to timely submit a response to this order, this matter will be dismissed without further notice to Petitioner.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including May 12, 2022, in which to show cause, in writing, to the Honorable Sam. A. Crow, United States District Judge, why this matter should not be dismissed due to his failure to commence it within the one-year time limitation.

**IT IS SO ORDERED.**

DATED:  This 12th day of April, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge