IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**BRIAN C. SHIELDS,**

                    **Petitioner,**

       v.                                       CASE NO. 22-3069-SAC

**JEFF ZMUDA,**

                    **Respondent.**

<u>**MEMORANDUM AND ORDER**</u>

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. It comes before the Court on Petitioner's response to the Court's Notice and Order to Show Cause (NOSC) related to timeliness. (Doc. 6.) Based on information Petitioner has now provided to the Court, the Court will direct Respondent to file a limited Pre-Answer Response addressing timeliness. In addition, Petitioner has filed a motion for leave to proceed in forma pauperis (Doc. 5), which the Court will grant. Granting the motion to leave in forma pauperis renders Petitioner's motion for extension of time to pay the filing fee moot, so that motion (Doc. 4) will be denied as moot.

**Background**

In January 2014, in accordance with a plea agreement, Petitioner pled guilty in the district court of Neosho County, Kansas to one count of first-degree murder. In February 2014, the state district court sentenced Petitioner to a prison term of 20

1

years to life. Petitioner filed a timely notice of appeal, but on February 19, 2015, the Kansas Supreme Court (KSC) granted Petitioner's motion to voluntarily dismiss his appeal. On approximately February 11, 2016, the state district court received and filed a letter from Petitioner, which it construed as a motion to withdraw plea. The district court denied the motion on April 29, 2020. Petitioner appealed the decision and on March 4, 2022, the KSC affirmed the denial.

On April 7, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) The Court conducted an initial review of the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and it appeared that this matter was not filed within the applicable statute of limitations. The relevant legal standards and controlling law were set out in the Court's NOSC. (Doc. 3, p. 3-5.)

In summary, the Court concluded that the one-year federal habeas limitation period began to run on approximately February 20, 2015, the day after the KSC granted Petitioner's motion to voluntarily dismiss his direct appeal. *Id.* at 4. It ran for approximately 356 days until February 11, 2016, when Petitioner filed in state district court the letter that was construed as a motion to withdraw plea. *Id.* At that point, the one-year limitation period was statutorily tolled under 28 U.S.C. § 2244(d)(2). *Id.* It resumed on March 5, 2022, the day after the KSC affirmed the denial of the motion to withdraw plea, and it expired about 9 days later, on March 14, 2022. *Id.* But Petitioner did not file his federal

habeas petition until April 7, 2022. (Doc. 1.) Thus, the petition did not appear timely filed.

The NOSC further explained that the one-year limitation period is subject to equitable tolling and that there is an actual innocence exception to the limitation period. (Doc. 3, p. 5, 7.) It advised Petitioner that nothing in the petition appeared to assert either of these applied here, so if Petitioner wished to assert entitlement to equitable tolling or the actual innocence exception, he should do so in his response to the NOSC. *Id.* at 5-8. Petitioner has now filed his response.[1] (Doc. 6.) He has also filed documents from his state-court proceedings. (Doc. 7.)

**Analysis**

Liberally construing Petitioner's response and considering the additional documents Petitioner has filed, it appears that the petition may, in fact, be timely. Documents filed in the state district court and now submitted to this Court by Petitioner appear to reflect that a motion to withdraw plea was sent to the district court and was postmarked January 7, 2016, which would alter the timeliness analysis. (See Doc. 7, p. 8-9.) "[U]nder the prison mailbox rule, [an imprisoned litigant] filed his pro se motion when he deposited it in the prison mail system." *United States v. Hisey*,

---

[1] As an inmate incarcerated by the Kansas Department of Corrections, Petitioner is required to electronically submit documents to this court for filing. Petitioner filed four documents in this Court on the same day. (Docs 4, 5, 6, and 7.) It appears that some pages intended as part of one document may have been inadvertently electronically submitted as part of another document. Specifically, what was submitted as pages 3 and 4 of Petitioner's motion for extension of time to pay the filing fee or submit financial information (Doc. 4) appear by their content to be intended as pages 3 and 4 of Petitioner's response to the NOSC. (Doc. 6.) The Court points this out in order to inform Petitioner of the apparent filing error, to assure Petitioner that all of his arguments regarding timeliness have been considered, and to make Respondent aware of the arguments contained in document 4.

12 F.4th 1231, 1240 (10th Cir. 2021); *see also Sate v. Griffin*, 312 Kan. 716, 724 ("[Under] the prison mailbox rule . . . a defendant's pleading is considered 'filed' when submitted to prison authorities for mailing."). Therefore, the question of timeliness becomes closer if the one-year habeas limitation period was statutorily tolled on January 7 or earlier, rather than on February 1, 2016.

In light of this new information, the Court concludes that a limited Pre-Answer Response (PAR) is appropriate. *See Wood v. Milyard*, 566 U.S. 463, 467 (2012); *Denson v. Abbott*, 554 F. Supp. 2d 1206 (D. Colo. 2008). The Court therefore directs Respondent to file on or before May 4, 2022 a PAR addressing the affirmative defense of timeliness under 28 U.S.C. § 2244(d). If Respondent does not intend to raise that defense, Respondent shall notify the Court of that decision in the PAR.

Upon receipt of the PAR, the Court will continue to review the petition as required by Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts and will issue further orders as necessary.

**IT IS THEREFORE ORDERED** that Petitioner's motion for extension of time to pay the filing fee (Doc. 4) is **denied as moot** and his motion to proceed in forma pauperis (Doc. 5) is **granted.**

**IT IS FURTHER ORDERED** that Respondent is granted to and including June 6, 2022, in which to file a Pre-Answer Response that complies with this order.

**IT IS SO ORDERED.**

DATED: This 4th day of May, 2022, at Topeka, Kansas.

        S/ Sam A. Crow

        SAM A. CROW
        U.S. Senior District Judge