IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BRIAN C. SHIELDS,

                    Petitioner,

          v.                              CASE NO. 22-3069-SAC

JEFF ZMUDA,

                    Respondent.


MEMORANDUM AND ORDER


     This matter is a petition for writ of habeas corpus filed
pursuant to 28 U.S.C. § 2254, filed on April 7, 2022. Petitioner
proceeds pro se. The initial review of the petition required by
Rule 4 of the Rules Governing Section 2254 Cases in the United
States District Courts revealed that this matter may not have been
filed within the applicable statute of limitations. Respondent has
now advised the Court, however, that he will not raise the
affirmative defense of timeliness in this matter. (Doc. 12.) The
Court has continued its initial review under Rule 4 and has
determined that this is a mixed petition, containing both exhausted
and unexhausted claims, and that state-court remedies remain
available for at least one of the currently unexhausted claims.
Therefore, the Court will direct Petitioner to advise the Court, in
writing, how he wishes to proceed in this matter.

**Background**

     On January 23, 2014, Petitioner pled guilty in the district

court of Neosho County, Kansas to one count of first-degree murder. (Doc. 1, 1.) *See also* online records of Neosho County District Court, case number 2013-CR-44. The following month, he was sentenced to a prison term of 20 years to life. Petitioner filed a timely notice of appeal, but on February 19, 2015, the Kansas Supreme Court (KSC) granted Petitioner's motion to voluntarily dismiss his appeal. *See* online records of the Kansas appellate courts, *State v. Shields*, Appeal No. 111,669.

On February 11, 2016, the state district court received a letter from Petitioner that it construed as a motion to withdraw his plea. *See State v. Shields*, 504 P.3d 1061 (Kan. Mar. 4, 2022); *see also* online records of Neosho County District Court, case number 2013-CR-44. The district court held a hearing and, on April 29, 2020, issued an order denying the motion. *Id.* Petitioner appealed the decision and on March 4, 2022, the KSC affirmed the denial.

On April 7, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) He asserts four grounds for relief. Because Petitioner is proceeding pro se, the Court liberally construes the petition, but it may not act as Petitioner's advocate. *See James v. Wadas*, 724 F.3d 1312, 1315 (10th Cir. 2013). "[T]he court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). It "'may not rewrite a petition to include claims that were never presented.'" *Childers v. Crow*, 1 F.4th 792, 798 (10th Cir. 2021) (citation omitted).

Liberally construing the petition, Ground One argues that the

State lacked jurisdiction to convict Petitioner because his case "should have been federal" and there was insufficient evidence to charge and convict him of murder. *Id.* at 5. As Ground Two, Petitioner asserts ineffective assistance of counsel, pointing out that he was not notified when his trial attorney was later disciplined for misleading clients. *Id.* at 6. Ground Three also rests on a claim of ineffective assistance of counsel, asserting that his trial attorney "held back information" and improperly advised him to plead no contest to the murder charge. *Id.* at 8. As Ground Four, Petitioner complains that he did not receive a mental evaluation prior to entering his plea. *Id.* at 9. He explains that he has "a mental handicap," he was on strong pain medication at the time, and he was going through withdrawal. *Id.*

As relief, Petitioner asks this Court to "accept jurisdiction" over his criminal case, find he should have been charged with lesser charges, sentence him to time already served in state custody, and order his release. *Id.* at 14.

**Exhaustion**

"'A threshold question that must be addressed in every habeas case is that of exhaustion.'" *Fontenot v. Crow*, 4 F.4th 982, 1018 (10th Cir. 2021) (quoting *Harris v. Champion*, 15 F.3d 1538, 1544 (10th Cir. 1994). A state prisoner must exhaust all available state-court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. See 28 U.S.C. § 2254(b)(1); *see also Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006). The

3

exhaustion requirement exists to "give state courts a fair opportunity to act on [his] claims." *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (citing *Castille v. Peoples*, 489 U.S. 346, 351 (1989)).

To satisfy the exhaustion requirement, Petitioner must have presented the very issues raised in the federal petition to the KSC and KSC must have denied relief. *See Picard v. Connor*, 404 U.S. 270, 275-76 (1971); Kansas Supreme Court Rule 8.03B(a). Petitioner bears the burden to show he has exhausted available state remedies. *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992); *see also Parkhurst v. Pacheco*, 809 Fed. Appx. 556, 557 (10th Cir. 2020).

To his credit, Petitioner concedes the Court that Grounds One and Four were not exhausted in the state courts. (Doc. 1, p. 11.)

> "Generally, a federal court should dismiss unexhausted claims without prejudice so that the petitioner can pursue available state-court remedies. However, dismissal without prejudice for failure to exhaust state remedies is not appropriate if the state court would now find the claims procedurally barred on independent and adequate state procedural grounds."

*Grant v. Royal*, 886 F.3d 874, 891-92 (" *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018) (internal citations and quotation marks omitted). Thus, the Court must determine whether independent and adequate state procedural grounds bar Petitioner from now raising in the state courts the arguments in Ground One and Ground Four. If not, Petitioner may be able to return to state court to pursue his arguments there. If so, they claims are subject to an anticipatory procedural bar and are considered functionally exhausted.. *See Fontenot v. Crow*, 4 F.4th 982, 1024 (10th Cir. 2021)

(noting that an unexhausted claim that is "subject to an anticipatory procedural bar . . . is procedurally defaulted (and exhausted) for purposes of federal habeas review").

Liberally construing Ground One, it asserts that the state court lacked jurisdiction to convict Petitioner and that there was insufficient evidence to support the conviction. Ground Four appears to challenge the validity of Petitioner's plea based on his mental state at the time. As Petitioner concedes, none of these claims were presented to the state court.

**Ground One (sufficiency argument) and Ground Four**

In Kansas, a defendant who is found guilty after a plea of guilty or no context may not appeal the judgment of conviction. *See* K.S.A. 22-3602(a). In addition, Kansas Courts have held that "[w]here judgment and sentence have been entered upon a plea of guilty, there can be no review of the sufficiency in a K.S.A. 60-1507 proceeding." *Woods v. State*, 52 Kan. App. 2d 958, 967 (Kan. Ct. App. 2016) (citing *Hughes v. State*, 206 Kan. 515, 517 (1971)), *rev. denied* Sept. 28, 2017. Thus, it appears that Petitioner would now be procedurally barred from presenting a sufficiency of the evidence argument to the state courts.

Where a petitioner fails to present a claim in the state courts, and would be procedurally barred from presenting it if he returned to state court, there is an anticipatory procedural bar, or default. *Anderson v. Sirmons*, 476 F.3d 1131, 1139 n.7 (10th Cir. 2007). Under this analysis, the Court concludes that Petitioner's sufficiency of the evidence argument is anticipatorily procedurally defaulted and thus is functionally exhausted. *See Fontenot*, 4 F.4th

at 1024.

Similarly, Ground Four asserts that Petitioner should have undergone a mental evaluation before being allowed to enter his plea. Petitioner has already brought an unsuccessful post-sentence motion to withdraw his plea in the state courts, but he did not raise this claim therein. The KSC has held that res judicata may bar successive motions to withdraw a plea. *See State v. Williams*, 303 Kan. 605, 608 (2016); *State v. Kelly*, 291 Kan. 868, 874 (2011). Accordingly, it appears that Petitioner would be procedurally barred from raising the arguments in Ground Four to the state courts. Thus, the Court finds that Ground Four is anticipatorily procedurally defaulted and thus is functionally exhausted.

With respect to the jurisdictional argument in Ground One, however, Kansas courts are authorized by K.S.A. 22-3504(a) to "correct an illegal sentence at any time while the defendant is serving such sentence," and subsection (c) of the same statute defines "illegal sentence" to include "a sentence[ i]mposed by a court without jurisdiction." Because the basis for the jurisdictional argument is unclear, the Court offers no opinion on the potential for success in the state court. Nonetheless, it appears that K.S.A. 22-3504 may provide a procedural avenue for Petitioner to bring his jurisdictional argument in the state court, so that argument is not subject to an anticipatory procedural bar and is unexhausted. A federal habeas petition that contains exhausted claims *and* unexhausted claims and state-court remedies are still available for at least one of the unexhausted claims is referred to as a "mixed petition." *See Grant*, 886 F.3d at 891-92.

**Mixed Petition**

When a federal habeas court is faced with a mixed petition, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Grant*, 886 F.3d at 891-92 (internal citations and quotation marks omitted). But dismissal is not the Court's only option. It may also stay the petition and hold it in abeyance while Petitioner exhausts state-court remedies, deny the petition on the merits, or allow Petitioner to delete the unexhausted claims and proceed only on the exhausted claims. *See Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016). Thus, the Court will direct Petitioner to advise the Court which of these options he prefers.

First, Petitioner is advised that if he asks the Court to dismiss this matter without prejudice so that he may pursue state-court remedies on his jurisdictional issue, the matter of timeliness may arise in any future federal habeas petition. Respondent's decision not to pursue timeliness as an affirmative defense in this matter will not bind him in a future federal habeas matter.

Second, if Petitioner instead opts to request a stay of this matter so that he may exhaust state-court remedies on his jurisdictional issue, he should be aware that a federal district court may grant such a stay only if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). Thus, if Petitioner wishes the Court to stay this matter, he must make a sufficient

showing of these three factors.

The current petition identifies Ground One as "Wrongful[] Jurisdictional conviction Should Have Been Federal -- and Not Murder." (Doc. 1, p. 5.) As the supporting facts, Petitioner states only: "A Homemade Fire Cracker Cause Explosion - House was condemn[e]d and suppos[ed] to Be Vacant[] -- was Padlocked[.] A propane Tank unknown In House Cause Explosion . . . Home Owner Left in House . . . Had possible Leak." *Id.* Petitioner does not further explain his belief that the state court lacked jurisdiction to convict him because he should have been tried in federal court. To obtain habeas corpus relief, under § 2254, Petitioner must demonstrate that he is "in [State] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. 2254(a). Even liberally construing the petition, it does not contain sufficient factual allegations or explanation for the Court to understand the basis for Petitioner's assertion that the state court lacked jurisdiction to convict him. Thus, in order to show that the jurisdictional claim is not plainly meritless, Petitioner must file an amended petition with sufficient facts and explanation to support a jurisdictional argument.[1]

Third, if Petitioner instead opts to delete the unexhausted jurisdictional claim and proceed on only the currently exhausted grounds for relief in this habeas action, he should be aware that

---

[1] If Petitioner submits an amended petition, it must be on court-approved forms and must be complete in and of itself; it may not refer back to an earlier version of the petition or attempt to incorporate by reference earlier filings with this Court. Rather, it must include all asserted facts and any grounds for relief Petitioner wishes the Court to consider in this matter. Any grounds for relief not included in the amended petition will not be considered before the Court. Petitioner must include the case number of this action (22-3069) on the first page of the amended petition.

it will limit his ability to file a second § 2254 petition later raising the currently unexhausted claims. *See Case v. Hatch*, 731 F.3d 1015, 1026 (10th Cir. 2013) ("The filing of a second or successive § 2254 application is tightly constrained."). Before filing a second or subsequent § 2254 petition in a federal district court, a petitioner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application" and make a prima facie showing that the second or subsequent petition meets certain statutory requirements. *See* 28 U.S.C. § 2244(b).

In addition, if Petitioner opts to delete his jurisdictional argument from Ground One and proceed only on the exhausted claims, he must also show cause why the Court should reach the merits of the remainder of Ground One and Ground Four. As explained above, these arguments are considered functionally exhausted because they are anticipatorily procedurally defaulted. But an unexhausted claim that is barred by anticipatory procedural default cannot be considered in habeas corpus unless Petitioner establishes cause and prejudice for his default of state court remedies or establishes a fundamental miscarriage of justice. *See Gray v. Netherland*, 518 U.S. 152, 162 (1996).

To demonstrate cause, Petitioner must "show that some objective factor external to the defense impeded [his] efforts to comply with the State's procedural rules." *See Murray v. Carrier*, 477 U.S. 478, 488 (1986). If Petitioner fails to demonstrate cause, the Court need not consider whether he can establish the requisite prejudice. *See Klein v. Neal*, 45 F.3d 1395, 1400 (10th Cir. 1995).

Thus, for the Court to consider the merits of Petitioner's insufficiency of the evidence argument in Ground One and his argument in Ground Four, Petitioner must make the required showing of either (1) cause and prejudice or (2) that the refusal to consider the merits of the claims will result in a fundamental miscarriage of justice. If Petitioner fails to do so, the Court will not reach the merits of the claims.

**Conclusion**

Petitioner's jurisdictional argument in Ground One is unexhausted, but state-court remedies may still be available to Petitioner on that claim and the other claims are exhausted, rendering this a mixed petition. Thus, the Court will direct Petitioner to advise the Court, on or before September 2, 2022, which option he prefers. First, the Court may dismiss this matter without prejudice so Petitioner may exhaust state-court remedies. If Petitioner wishes the Court to do so, he must file a written response to this order so advising the Court.

Second, the Court may, in appropriate circumstances, stay this matter so Petitioner may return to state court to exhaust available remedies. If Petitioner wishes the Court to grant such a stay, he must file an amended petition that adequately articulates his argument that the state court lacked jurisdiction and he must file a written response addressing the requirements for a stay that are set forth above.

Third, Petitioner may delete the unexhausted jurisdictional argument and proceed on the remaining claims. If Petitioner wishes to delete the unexhausted jurisdictional argument in Ground One and

proceed only on the remaining claims, he is directed to file a written response stating that intent. In his response, Petitioner must also show cause in writing why the Court should consider the merits of Ground Four and the sufficiency of the evidence argument in Ground One despite these arguments being anticipatorily procedurally defaulted.

**IT IS THEREFORE ORDERED** that Petitioner is granted until and including September 2, 2022, in which to advise the Court, in writing, how he wishes the Court to proceed on this mixed petition.

**IT IS SO ORDERED.**

DATED:  This 2nd day of August, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge