**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRIAN C. SHIELDS,**

                **Petitioner,**

      **v.**                                                      **CASE NO. 22-3069-SAC**

**JEFF ZMUDA,**

                **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254, filed on April 7, 2022. Petitioner proceeds pro se and in forma pauperis. The Court conducted an initial review under Rule 4 and determined that this is a mixed petition, containing both exhausted and unexhausted claims, and that state-court remedies remain available for at least one of the currently unexhausted claims. Therefore, the Court directed Petitioner to advise the Court, in writing, how he wishes to proceed in this matter. (Doc. 13.) Petitioner has now filed a response (Doc. 14), a motion for stay (Doc. 15), and a motion for extension of time to pay the filing fee (Doc. 16.)

The motion for extension of time to pay the filing fee (Doc. 16) will be denied as moot. Although the Court did not receive the motion until August 26, 2022, it is dated May 2, 2022. On May 4, 2022, the Court granted Petitioner's motion to proceed in forma pauperis. (Doc. 8.) Therefore, Petitioner is no longer required to

1

pay the filing fee or submit his inmate account statement.

Similarly, Petitioner's response (Doc. 14) is directed toward a prior notice and order to show cause the Court issued on April 12, 2022 (Doc. 3), regarding timeliness. Because Respondent has informed the Court that he will not assert the affirmative defense of timeliness (Doc. 12), the Court will not address Petitioner's response on timeliness further.

Addressing the remaining motion requires some additional background information. On January 23, 2014, Petitioner pled guilty in the district court of Neosho County, Kansas to one count of first-degree murder and was sentenced to a prison term of 20 years to life. Petitioner pursued a direct appeal, which he eventually voluntarily dismissed. In 2016, the state district court received a letter from Petitioner that it construed as a motion to withdraw his plea. The district court held a hearing, then issued an order denying the motion. On appeal, the KSC affirmed the denial.

On April 7, 2022, Petitioner filed in this Court his petition for writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1.) Liberally construing the petition, as is appropriate since Petitioner proceeds pro se, Ground One argues that the State lacked jurisdiction to convict Petitioner because his case "should have been federal" and there was insufficient evidence to charge and convict him of murder. *Id.* at 5. In Grounds Two and Three, Petitioner asserts ineffective assistance of trial counsel. *Id.* at 6, 8. As Ground Four, Petitioner complains that he did not receive a mental evaluation prior to entering his plea. *Id.* at 9.

In a memorandum and order (M&O) issued on August 2, 2022, the

Court noted Petitioner's concession that Grounds One and Four were not exhausted in the state courts. (Doc. 13.) The M&O explained that if Petitioner now returned to state court to exhaust the claims in Ground Four and most of Ground One, he would likely be procedurally barred from doing so. Thus, those claims are considered functionally exhausted but procedurally defaulted. Procedurally defaulted claims will not be considered in federal habeas on their merits unless Petitioner establishes cause and prejudice for his default of state court remedies or establishes a fundamental miscarriage of justice.

With respect to the jurisdictional argument in Ground One, however, the M&O concluded that Petitioner may still have an available avenue for relief in the state courts. Kansas courts are authorized by K.S.A. 22-3504(a) to "correct an illegal sentence at any time while the defendant is serving such sentence," and subsection (c) of the same statute defines "illegal sentence" to include "a sentence[ i]mposed by a court without jurisdiction." Because the basis for the jurisdictional argument is unclear, the M&O offered no opinion on the potential for success in the state court. Nonetheless, it appears that K.S.A. 22-3504 may provide a procedural avenue for Petitioner to bring his jurisdictional argument in the state court, so that argument is not subject to an anticipatory procedural bar and is unexhausted.

In summary, of the four grounds for relief asserted in the petition, Grounds Two and Three appear exhausted, the jurisdictional argument in Ground One may be unexhausted, and the remainder of Ground One and all of Ground Four appear procedurally

3

defaulted and thus functionally exhausted.

When a federal habeas petition contains exhausted claims *and* unexhausted claims and state-court remedies are still available for at least one of the unexhausted claims, it is referred to as a "mixed petition." The M&O explained that a federal habeas court faced with a mixed petition has multiple options: dismiss the matter without prejudice so that the petitioner can pursue available state-court remedies, stay the petition and hold it in abeyance while Petitioner exhausts state-court remedies, deny the petition on the merits, or allow Petitioner to delete the unexhausted claims and proceed only on the exhausted claims. Thus, the M&O set forth the potential consequences of each option and directed Petitioner to advise the Court which option he prefers.

The motion to stay (Doc. 15) that is now before the Court is dated August 25, 2022, and appears to respond to the M&O. Therein, Petitioner asserts that there is cause to stay this matter so he may pursue state-court remedies. The M&O explained to Petitioner that a federal district court may grant such a stay only if (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005). The M&O further instructed that "if Petitioner wishes the Court to stay this matter, he must make a sufficient showing of these three factors."

It also advised Petitioner that even liberally construing the petition, it does not contain sufficient factual allegations or

4

explanation for the Court to understand the basis for Petitioner's assertion that the state court lacked jurisdiction to convict him. Thus, in order to establish the second factor required for a stay and show that the jurisdictional claim is not plainly meritless, Petitioner must file an amended petition with sufficient facts and explanation to support his jurisdictional argument.

Even liberally construing Petitioner's motion to stay, it is difficult to understand. For example, the motion states, "Under Federal petitioner Does Have a cause to proceed and Raise New Grounds for First Time…" (Doc. 15, p. 2.) The case to which Petitioner generally cites immediately thereafter, however, is a lengthy opinion from the First Circuit Court of Appeals affirming convictions of attempted arson and conspiracy to commit arson. *See United States v. DiSanto*, 86 F.3d 1238 (1st Cir. 1996). It held that "a claim that a statute is unconstitutional or that the court lacked jurisdiction may be raised for the first time on appeal." *Id.* at 1243 (citations omitted). But the case now before this Court is not an appeal; it is a habeas petition. Thus, the relevance of *DiSanto* is unclear.

Similarly, Petitioner cites *Snyder v. Sumner*, 960 F.2d 1448 (9th Cir. 1992), in which the Ninth Circuit Court of Appeals considered an appeal from the denial of a petition for federal writ of habeas corpus. Petitioner again does not indicate which portion of the opinion he believes supports his position and the relevance of *Snyder* to the question of whether this Court should stay this matter so Petitioner can pursue state-court remedies is not clear.

Even liberally construed, the motion for stay does not argue

that (1) good cause exists for the failure to exhaust the claim prior to filing the federal habeas petition; (2) the unexhausted claim is not "plainly meritless"; and (3) the petitioner did not intentionally delay the proceedings. *See Rhines*, 544 U.S. at 277-78. As explained in the M&O, these are the circumstances Petitioner must establish in order for the Court to stay this matter. Nor has Petitioner further explained the basis for his jurisdictional argument.

Nevertheless, it is clear from the filings received by the Court that Petitioner may be experiencing a delay in communicating with the Court. And he filed the motion within the time the Court afforded to respond to the M&O. Accordingly, the Court will deny the motion to stay (Doc. 15) without prejudice and grant Petitioner until and including September 26, 2022 to file any additional argument he wishes to make regarding a stay of these proceedings and to file a complete and proper amended petition that conforms with the instructions in the M&O. (*See* Doc. 13, p. 8 n.1.)

Petitioner is reminded that if he wishes the Court to stay this matter so that he may return to state court, he must establish the three circumstances set forth above which, in part, require him to elaborate on his jurisdictional argument.[1] If Petitioner wishes

---

[1] It appears that Petitioner may intend to argue that the state court lacked jurisdiction to try him--and he should have been tried in federal court instead--because a "homemade explosive" or "firecracker" started the fire that led to the criminal charges against him. (*See* Doc. 1, p. 5-8.) Assuming solely for the sake of argument that Petitioner's actions constituted a federal crime for which he could have been tried in federal court, that does not mean that those same actions did not also constitute a state crime for which he was properly tried in state court. *See Westfall v. United States*, 274 U.S. 256, 258 (1927) ("Of course an act may be criminal under the laws of both [state and federal] jurisdictions."). Thus, to establish that his jurisdictional claim is not plainly meritless, Petitioner must explain why the state court *lacked* jurisdiction, rather than establishing that the federal court *also* had jurisdiction.

to delete the unexhausted jurisdictional argument and proceed only on the remaining exhausted grounds for relief, he should inform the Court. If Petitioner fails to file a timely response that complies with these instructions, this matter will be dismissed in its entirety without prejudice.

**IT IS THEREFORE ORDERED** that the motion for extension of time to pay the filing fee (Doc. 16) will be denied as moot.

**IT IS FURTHER ORDERED** that Petitioner is granted until and including September 26, 2022, in which to advise the Court, in writing, how he wishes the Court to proceed on this mixed petition. If Petitioner seeks a stay of this proceeding, he must establish the required conditions identified in this and the Court's previous order.

**IT IS SO ORDERED.**

DATED: This 29th day of August, 2022, at Topeka, Kansas.

S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge