**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

**BRIAN C. SHIELDS,**

            **Petitioner,**

      v.                                          **CASE NO. 22-3069-SAC**

**JEFF ZMUDA,**

            **Respondent.**

**MEMORANDUM AND ORDER**

This matter is a petition for writ of habeas corpus filed on April 7, 2022, pursuant to 28 U.S.C. § 2254. Petitioner proceeds pro se and in forma pauperis. He challenges his 2014 Kansas conviction of first-degree murder.

The petition presents four grounds for relief: Ground One asserts that the State of Kansas lacked jurisdiction to convict Petitioner and there was insufficient evidence to support his convictions; Grounds Two and Three assert ineffective assistance of trial counsel; and Ground Four asserts that Petitioner should have received a mental evaluation before being allowed to plead guilty to murder. (Doc. 1, p. 5-6, 8-9.) As relief, Petitioner asks this Court to "accept jurisdiction" over his criminal case, find he should have been charged with lesser charges, sentence him to time already served in state custody, and order his release. *Id.* at 14.

After resolving an initial timeliness issue, on August 2, 2022, the Court issued a Memorandum and Order (M&O) explaining that a

1

state prisoner must exhaust all available state court remedies before pursuing federal habeas relief unless it appears there is an absence of available state corrective process or circumstances exist that render such process ineffective to protect the petitioner's rights. (Doc. 13, p. 3 (citing 28 U.S.C. § 2254(b)(1) and *Bland v. Simmons*, 459 F.3d 999, 1011 (10th Cir. 2006)).) The M&O pointed out that Petitioner concedes that Grounds One and Four were not exhausted in the state courts. *Id.* at 4. It further explained that Petitioner's sufficiency argument in Ground One and his entire argument in Ground Four appeared subject to an anticipatory procedural bar, or default, which rendered them functionally exhausted. *Id.* at 4-6.

There appeared to be state court remedies remaining for the jurisdictional argument in Ground One, however, which makes this matter a "mixed petition," meaning that it contains both exhausted and unexhausted claims and that state court remedies remain available for at least one of the currently unexhausted claims. *Id.* at 6. The M&O explained that when a federal habeas court is faced with a mixed petition, the federal court generally should dismiss the matter "without prejudice so that the petitioner can pursue available state-court remedies." *Id.* at 7 (quoting *Grant v. Royal*, 886 F.3d 874, 891-92 (10th Cir. 2018)). But the Court may also stay the petition and hold it in abeyance while Petitioner exhausts state court remedies, deny the petition on the merits, or allow deletion of the unexhausted claims and proceed only on the exhausted claims. *Id.* (citing *Wood v. McCollum*, 833 F.3d 1272, 1273 (10th Cir. 2016)). Thus, the Court directed Petitioner to advise the Court which of

2

these options he prefers, explaining the requirements and potential consequences of each option Petitioner could request. *Id.* at 7-11. Petitioner's response was due on or before September 2, 2022. *Id.* at 11.

On August 26, 2022, the Court received multiple filings from Petitioner, some of which were dated over three months earlier. One, however, was a motion to stay that appeared responsive to the M&O. (Doc. 15.) In an order dated August 29, 2022, the Court held that even liberally construing the motion, it did not argue that the requirements for a stay--which had been identified in the M&O--exist here. (Doc. 17, p. 5-6.) Nor did it explain the basis for Petitioner's jurisdictional argument, as the M&O had advised Petitioner was necessary if he wished to request a stay. *Id.* (*See also* Doc. 13, p. 7-8, 10.)

Nevertheless, due to Petitioner's apparent delay in communication with the Court, the Court denied the motion to stay without prejudice and granted Petitioner until and including September 26, 2022, to file any additional argument in support of a stay and to file a complete and proper amended petition. (Doc. 17, p. 6.) Petitioner was cautioned that if he "fails to file a timely response that complies with these instructions, this matter will be dismissed in its entirety without prejudice." *Id.* at 7.

The deadline has come and gone and Petitioner has filed nothing further. Accordingly, the Court will dismiss this matter without prejudice so that Petitioner may exhaust available state court remedies.

Rule 11 of the Rules Governing Section 2254 Cases requires a

district court to issue or deny a certificate of appealability (COA) upon entering a final adverse order.

> "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

*Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The failure to satisfy either prong requires the denial of a COA. *Id.* at 485.

The Court concludes that its procedural ruling in this matter is not subject to debate among jurists of reason. Therefore, the Court declines to issue a certificate of appealability.

**IT IS THEREFORE ORDERED** that this matter is dismissed without prejudice for failure to exhaust state court remedies. No certificate of appealability will issue.

**IT IS SO ORDERED.**

DATED:  This 3rd day of October, 2022, at Topeka, Kansas.


S/ Sam A. Crow

SAM A. CROW
U.S. Senior District Judge